### KANSAS CITY TRANSFER COMPANY, Respondent, v. LUCY E. HULING ET AL., Appellants.

#### Kansas City Court of Appeals, June 14, 1886.

CHARTER OF KANSAS CITY—CONSTRUCTION OF ARTICLE XIII, SECTION 1, THEREOF—CASE ADJUDGED.—Among the provisions of the charter of Kansas City are these: "All city improvements, of whatever kind or character, including the erection of all public buildings, made or to be erected at the expense of the said city, shall be let by contract to the lowest and best bidder, and as shall be prescribed by ordinance ; *provided,* that nothing in this section shall be so construed as to prevent the repair, by day's work, of streets, sewers, culverts, buildings, or other city property, so far as may be necessary to their preservation, under the direction of the city engineer, or other proper officer, when such repairs shall have been ordered to be made by a vote of the common council." *Held,* that under the charter of said city, it was lawful to make a contract with a party for work of the character in suit—the laying of a patent street pavement—for which the party holds an *exclusive* patent, and with whom there was, and could be no lawful competition. *Held, further,* that these provisions do not apply to work done at the expense of the adjacent property holders.

APPEAL from Jackson Circuit Court, HON. F. M. BLACK, Judge.

*Affirmed.*

Statement of case by the court.
This was an action on special tax bills for the cost of

paving one of the streets of Kansas City, apportioned to and charged against the lots of defendants fronting on such street.

To the petition the defendants filed a joint answer. The second count of the answer was as follows:

"For their second answer to the plaintiff's petition, the defendants allege that in the year 1877, B. F. Camp, the same person named in plaintiff's petition, and to whom the said contract was let, and said tax bills were issued, received a patent, under and by virtue of the laws of the United States, for a certain process and manner of street paving, which said patent is numbered 189,337; is dated April 10, 1877; was granted to said B. F. Camp, on his application therefor, filed March 11, 1876. The said B. F. Camp came to Kansas City, Missouri, but a short time prior to the date of said contract, with the express purpose of introducing the said patent pavement, and, by reason of his efforts and solicitations, a number of citizens owning property along said portion of said street, petitioned the common council of said city to improve said street, as alleged by the plaintiff, by laying and constructing said pavement, which said petition was not signed by the defendants. The said common council passed said ordinance in pursuance of said petition, and said ordinance provided for the laying and construction of said patent pavement. The plans and specifications and the advertisement for bids for said street improvements, which said plans and specifications and advertisements for bids the engineer of said city is, by ordinance of said city, empowered to prepare, all described and called for the laying and constructing of said patent pavement, on said portion of said street. To said advertisement for bids for the improving of said street, as provided in the ordinance mentioned in the petition herein, there was only one response, which was the bid of said patentee of said patent pavement, B. F. Camp, to whom the contract for laying and constructing said patent pavement on said part of said street was awarded

at his said bid, and to whom the tax bills sued on herein were issued. The defendants further allege that at the time stated in plaintiff's petition, and at the times named in this answer, the said B. F. Camp was the sole owner and proprietor of said patent, and had the sole right to lay and construct said patent pavement in the City of Kansas, aforesaid. Wherefore the defendants ask judgment."

There was first filed a motion to strike out this second count of the answer. This was, subsequently, withdrawn, and a demurrer filed thereto, which, upon full hearing, was sustained, and thereupon the case was submitted to the court upon the pleadings and evidence, and the judgment was rendered for the plaintiff.

ALDERSON & YOUNG, for the appellants.

I. The tax bills were issued for the paving of a street of Kansas City, at the expense of the owners of the property fronting on the improved portion of the street. Contracts for such work must be let to the lowest and best bidder. Charter of Kansas City (1875) art. xiii, sect. 1.

II. As regards the *punctuation* of the charter provision, involved here, it is but the work and whim of the draughtsman, the engrosser, and the printer of a bill, and is absolutely without significance in questions of construction. *Gyger's Estate*, 65 Pa. St. 311; *United States v. Isham*, 17 Wall. (U. S.) 496; *Randolph v. Payne*, 44 Cal. 366; Sedg. Const. Stat. & Const. Law (2 Ed.) 225.

III. It has been the practice, under this section, to advertise for bids for *all* public improvements, whether done at the expense of the city or of the property holders. Contemporaneous construction of a statute, in cases of doubt, turns the scale. *Insurance Co. v. Hoge*, 21 How. (U. S.) 35; *Matthews v. Shores*, 24 Ill. 27; *Plummer v. Plummer*, 37 Miss. 185; *McCullough v. Maryland*, 1 Wheaton (U. S.) 316; *West River Bridge*

*Co. v. Dox*, 6 How. (U. S.) 597 ; *Scanlan v. Childs*, 33 Wis. 663.

IV. The petition, the ordinance, the advertisement for bids, and the contract—all called for the construction of a *patented* pavement. Such pavement was constructed, the contract is invalid, and plaintiff cannot recover on the tax bills. 1 Dill. on Mun. Corp. (3 Ed.) sects. 467, 468 ; *Dean v. Charlton*, 23 Wis. 590 ; *Nich. Pav. Co. v. Fay*, 35 Cal. 695 ; *Burgess v. Jefferson*, 21 La. Ann. 143 ; *Eager, In re*, 46 N. Y. 100 ; *Mister, Adm'r, v. Kansas City*, 18 Mo. App. 217.

KARNES & ESS, for the respondent.

I. The street was paved, not at the expense of the ciity, but at the expense of the property owners, and it may be seriously questioned whether, under the provisions of the charter, it was required that this work should be let to the lowest and best bidder. See Charter Kansas City (1875) art. xiii, sect. 1. This is the only provision in the charter concerning the letting of work, and seems to have reference to that done at the expense of the city. See, also, article viii, section 1, of same charter.

II. The street was paved with the Camp pavement, which was a patented process. *If* the work had to be let to the lowest bidder, was the contract invalidated by reason of the fact that the ordinance required the street to be paved in this particular way ? There are two leading cases in this country, on this question, diametrically opposed to each other. The one in favor of the *invalidity* of the ordinance, is *Dean v. Charlton* (23 Wis. 590) ; and the other, in favor of the *validity*, is *Hobart v. Detroit* (17 Mich. 246). The former view is sustained in California and in Louisiana ; the latter, in New York and Kansas. The weight of reason, and of authority, is in favor of the validity.

HALL, J.—The only question in this case is as to the

action of the court in sustaining the demurrer to the second count of the answer.

The defendants insist that such action of the court was erroneous, for the reason that, under the charter of the City of Kansas, it is not lawful for the city to make any contract with a party for work of the character in suit, for which the party holds an exclusive patent, and with whom there is and can be no lawful competition.

The only provisions of said charter which can have any bearing upon this question are as follows:

"All city improvements, of whatever kind or character, including the erection of all public buildings, made or to be erected at the expense of the said city, shall be let by contract to the lowest and best bidder, and as shall be prescribed by ordinance; provided, that nothing in this section shall be so construed as to prevent the repair, by days' work, of streets, sewers, culverts, buildings, or other city property, so far as may be necessary to their preservation, under the direction of the city engineer, or other proper officer, when such repairs shall have been ordered to be made by a vote of the common council."

Do these provisions of the charter apply to work done, not at the expense of the city, but at the expense of the adjacent property holders?

Unless these provisions have such application, the demurrer to the second count of the answer was correctly sustained, because the work in suit was done at the expense of the adjacent property holders.

Do the explanatory and descriptive words "made or to be erected at the expense of the said city," refer to and qualify "improvements," or "buildings," only? It is true, as argued by defendants, that in questions of construction, punctuation is entitled to very little, if to any, consideration. It does not follow, however, that we should construe the above provisions of the charter as if there was no comma after the word "buildings," simply because a comma does not occur there. We can-

not say that a comma should not be there, simply because it is there. Without regard to the fact that the punctution is as it is, we should ascertain the intention and meaning of the legislature, and then so punctuate the provisions as to express such intention and meaning, if the punctuation already made does not do so.

The plaintiff says that the explanatory words mentioned qualify "improvements;" the defendants say that those words qualify "buildings," only. The defendants, in support of their position, simply assert that the position of plaintiff depends upon the comma mark after the word "buildings." They present no reason why the comma should not be there, where it is. They do not attempt to do so. It is true that the plaintiff's position does depend upon the fact that said mark should be there, in order to express the intention and meaning of the legislature ; but it is incorrect to say that such position depends upon the fact that said mark is there.

We think that the explanatory words qualify "improvements," as well as "buildings;" that the comma mark is correctly placed after the word "buildings," and that the meaning of the provisions is the same as if they read as follows : All city improvements, of whatever kind or character, made or to be erected at the expense of the said city, including the erection of all public buildings, etc.

We do not think that those explanatory words qualify "buildings," only, for several reasons. It is not usual to speak of a building being made, or of the erection of a building to be erected. Such would be the effect of making those words qualify "buildings."

It was needless to so explain and qualify the meaning of "public buildings," as used in those provisions of the charter. The city authorities could erect no public buildings except at the expense of the city. To explain that the public buildings intended were those erected at the expense of the city was useless.

But improvements of the character in suit might, or

might not, be made at the expense of the city, under other provisions of the charter. To explain and define those improvements to be such as should be made or erected at the expense of the city, was to make those improvements in that respect like every other kind of work mentioned in those provisions, like the "buildings" mentioned in the main part of the provisions and like the work excepted by the proviso from the operation of them.

It is argued by the counsel for the defendants, against this construction, that the officers of Kansas City have placed the contrary construction on those provisions of the charter; that they have invariably acted in accordance with their construction by advertising for bids for all public improvements, whether done at the expense of the city or of the adjacent lot holders, and that contemporaneous construction of a statute, in cases of doubt, turns the scale. It is a sufficient answer to make to this argument to say that such a course on the part of the officers of Kansas City is no indication of a construction by them of the provisions of the charter under discussion. Those provisions are not self-enforcing ; that is, the mode of advertising and accepting bids, etc., must be provided by ordinance. The course pursued by those officers has been in accordance with the ordinances of the city, and not with the provisions of the charter. Notwithstanding the charter does not require, the ordinances might properly require the work of the character in suit to be done at the expense of the adjacent land holders, to be let to the lowest bidder. The defence set up in the answer was, however, based upon the requirements of the charter, and not of the ordinances. The ordinances were not pleaded. Judicial notice of them will not be taken, where a cause of action or defence is based upon them.

We hold that the requirements of the charter do not apply to the work in suit. It is unnecessary for us, under this view of the case, to express an opinion upon

the question as to whether the contract by the city for the work in suit would have been lawful, had the requirements of the charter applied to such work.

Judgment affirmed. The other judges concur in the result.